IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| BELINDA ACUNA d/b/a SACRED HEART MOVING AND STORAGE and PHILLIP HOLGUIN,<br><br>    Plaintiffs,<br><br>vs.<br><br>CINDY MARTIN and DR. ROBERT MARTIN,<br><br>    Defendants. | § § § § § § § § § § § § §   CAUSE NO: 3:17-cv-117 |

## DEFENDANTS' NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

NOW COME Defendants Cindy Martin and Dr. Robert Martin (collectively "Defendants" or "the Martins") hereby file this their Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441(b), and 1446, and as grounds for removal respectfully state the following:

### I.   INTRODUCTION

1.   On December 2, 2016, Plaintiff Belinda Acuna d/b/a Sacred Heart Moving and Storage and Plaintiff Phillip Holguin (collectively "Plaintiffs") commenced a civil action in the County Court at Law 3 in El Paso County, Texas, styled *Belinda Acuna d/b/a Sacred Heart Moving and Storage and Phillip Holguin, Plaintiffs vs. Cindy Martin and Dr. Robert Martin, Defendants;* Case No. 2016DCV4433 ("State Court Lawsuit"). *See* Exh. A-2, Pl.'s Org. Pet.  On February 6, 2017, Defendant Dr. Robert Martin filed his Verified Special Appearance to Present Motion Objecting to Jurisdiction ("Special Appearance"). *See* Exh. A-7.

2. On February 16, 2017 and on February 17, 2017, respectively, Plaintiffs filed their First Amended Original Petition and their Second Amended Original Petition in an attempt to cure jurisdictional and service of process defects delineated by Defendant Dr. Robert Martin in his Special Appearance. *See* Exh. A-9, Pl.'s First Am. Org. Pet; *see also* Exh. A-11, Pl.'s Second Am. Org. Pet.

3. Plaintiffs' Second Amended Original Petition asserts claims for: (1) libel and slander; and also requests a (2) declaratory judgment. *See* Exh. A-11 at ¶¶16-17.

4. Defendants have yet to personally receive an actual copy of the Plaintiffs' Second Amended Original Petition. *See* Exh. A-1, State Court Docket Sheet; *see also* Exh. B (enclosing "Whitney Certificates.").

5. On April 10, 2017, Defendants' counsel received a letter from Plaintiffs' counsel enclosing "copies of the Whitney Certificates from Texas Secretary of State." *See* Exh. B. The "Whitney Certificates," which note the Secretary of State's attempts to serve Defendants, bear the notation "Return to Sender, Unclaimed, Unable to Forward." *Id*. Defendants have been traveling and are presently in Scotland. As such, Defendants have been unable to pick up any certified mail at the post office and claim any certified mailings.

6. Notwithstanding, via Plaintiffs' counsel's letter on April 10, 2017, Defendants have constructive notice of attempted service of process. Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C.§ 1446(b)(1). *See Fidelity Funding, Inc. v. Pollution Research and Control Corporation*, 1999 U.S. Dist. LEXIS 215, 1999 WL 20955 (N.D.Tex. 1999) (Solis, J.) (noting that under federal law, service on the Secretary of State is not sufficient to commence the time period for removal under § 1446.); *see also Microtune, Inc. v. Big Shine Worldwide, Inc*., No. 3:03-CV-726-K, 2004 U.S. Dist. LEXIS 32178, at *3-4 (N.D. Tex. 2004) (stating that

"the 30-day clock does not begin running until the defendant is formally served through certified mail").

7.     Additionally, this Notice is filed in advance of trial and within one year of commencement of the State Court Lawsuit.  Consequently, removal will not result in prejudice to Plaintiffs, as this matter is in the initial pleading stage and no discovery has occurred.

## II.     VENUE

8.     Under 28 U.S.C. § 1441(a), removal of the State Court Lawsuit to this Court is proper, as the Western District of Texas, El Paso Division, embraces El Paso County, Texas, where this action is currently pending.

## III.     COMPLIANCE WITH 28 U.S.C. 1446(d)

9.     Written notice of this Notice of Removal and a copy hereof have and/or will be promptly sent to the County Court at Law 3 in El Paso County, Texas, as required by 28 U.S.C. § 1446(d), and copies of the same will be served upon Plaintiffs.

10.    Plaintiffs' Second Amended Original Petition demands a jury in the State Court Lawsuit. *See* Exh. A-5, Pl.'s Second Am. Org. Pet.

11.    Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders received by Defendants in the State Court Lawsuit, along with a copy of the state court docket sheet, are attached hereto as Exhibit A.

## IV.     BASIS FOR REMOVAL

12.    Removal is proper because this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).  First, as discussed more fully below, this action is between citizens of different States.  Second, the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest, costs and attorneys' fees. *See* Exh. A-11, Pl.'s Second Am. Org. Pet. at *1.

**A.       Complete Diversity Exists Between the Parties**

13.     For purposes of diversity jurisdiction, a person is a citizen of the state in which he or she is domiciled.  *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989). Plaintiffs reside in El Paso County, Texas.  *See* Exh. A-11, Pl.'s Second Am. Org. Pet. ¶1. Thus, for purposes of determining diversity jurisdiction, Plaintiffs are citizens of the State of Texas.

14.     As noted by Plaintiffs' live pleading, Defendants moved from Silver City, New Mexico to Wisconsin Rapids, Wisconsin. *See* Exh. A-11, Pl.'s Second Am. Org. Pet. ¶2. As such, they are residents of the State of Wisconsin.  *Id*.  Accordingly, for purposes of diversity jurisdiction, Defendants are citizens of Wisconsin.  Thus, Defendants are not and have never been citizens of the State of Texas, within the meaning of 28 U.S.C. § 1332(c).

15.     Complete diversity therefore exists between the Parties because Plaintiffs are citizens of the State of Texas, and Defendants are citizens of the State of Wisconsin.

**B.       The Amount in Controversy Exceeds the Statutory Minimum of $75,000.00.**

16.     Plaintiffs specify the amount of damages they seek in their Second Amended Original Petition.  *See* Exh. A-11, Pl.'s Second Am. Org. Pet. at *1.  Specifically, Plaintiffs "seek more than $200,000 but not more than $1,000,000 in monetary damages." *Id*.  Accordingly, the amount in controversy exceeds the federal statutory minimum, and this Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332 and removal is appropriate under 28 U.S.C. § 1441, *et seq.*.

**WHEREFORE**, **PREMISES CONSIDERED,** Defendants serve Notice that this action has been removed to the United States District Court for the Western District of Texas, El Paso Division.

                Respectfully submitted,

                **DYKEMA COX SMITH**
                221 North Kansas Street, Suite 2000
                El Paso, Texas 79901
                (915) 541-9300
                (915) 541-9399 facsimile

By:    */s/ Mark C. Walker*
           Mark C. Walker
           Texas State Bar No. 20717320
           mwalker@dykema.com
           Mario Franke
           Texas State Bar No. 24074225
           mfranke@dykema.com

                **ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I certify that the foregoing document was served on this the 18th day of April, 2017, via the Court's CM/ECF electronic filing system to:

Mr. Steven James
Steven C. James Attorney PLLC
521 Texas Avenue
El Paso, Texas 79901
(915) 543-3234
(915)543-3237
sjamatty@aol.com
**ATTORNEY FOR PLAINTIFFS**

                /s/ *Mark C. Walker*
                Mark C. Walker